UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 08-61101-Civ-Dimitrouleas/Snow

SARAH M. POLLOCK,

                    Plaintiff,

v.

BAY AREA CREDIT SERVICE, INC.,
                    Defendant.

_____/

## DEFENDANT, BAY AREA CREDIT SERVICE, INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND SUPPORTING MEMORANDUM OF LAW

COMES NOW, the Defendant, BAY AREA CREDIT SERVICE, INC. (hereinafter referred to as "BACS"), by and through its undersigned attorneys and pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, and hereby files its Motion to Dismiss for Lack of Subject Matter Jurisdiction and Supporting Memorandum of Law, and as grounds therefore states:

1. Plaintiff brought this action against Defendant, Bay Area Credit Service, Inc. asserting violations of the federal Fair Debt Collection Practices Act ("FDCPA"); Florida's Consumer Collection Practices Act ("FCCPA"); California's Rosenthal Act ("Rosenthal Act"); and the Telephone Consumer Protection Act ("TCPA"). Plaintiff further asserted a claim for Invasion of Privacy by Intrusion on Seclusion. **[Doc. 1]**

2. Defendant denies all liability and damages as to the claims under the TCPA and Invasion of Privacy by Intrusion on Seclusion which are currently alleged against it in Plaintiff's Complaint, and further maintains the claims raised by the Plaintiff have no merit.

3. Defendant is entitled to dismissal as matter of law since Plaintiff's claims under the FDCPA and FCCPA are moot as there is no longer an Article III case or controversy before this Court. Defendant served an Offer of Judgment on May 11, 2009 which offered compensation in excess of the maximum statutory damages under each statute. [Ex. 1- Offer of Judgment] The Offer of Judgment was not accepted and has expired following the required ten (10) day period. [Ex. 1- Offer of Judgment] Therefore, there are currently no longer disputes to be litigated under each of the aforementioned statutes.

4. Since the case is dependent upon federal question jurisdiction of the FDCPA, the resolution of this federal statute, warrants this court to dismiss the remaining supplemental claims.

## Memorandum of Law

Defendant asserts Plaintiff's claims under both the FDCPA and FCCPA are moot because an Article III case or controversy no longer exists as to these claims. Article III of the United States Constitution limits the jurisdiction of this Court, and all federal courts, to "cases and controversies." U.S. Const. art. III § 2; Flast v. Cohen, 392 U.S. 83, 94 (1968); Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001). When the issues of a case are no longer "live" or when the parties lack a legally cognizable interest in the outcome of the litigation, the case is moot. City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000). If there is no live controversy, the court must dismiss Plaintiff's claims as moot. See National Advert. Co. v. City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005) ("By its very nature, a moot suit cannot present an Article III case and controversy and the federal courts lack subject matter jurisdiction to entertain it."); A Najjar, 273 F.3d at 1335 ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is

moot and must be dismissed."); Labora v. MCI Telecommunications Corporation, 1998 WL 1572719 (S.D. Fla. July 20, 1998)("a case will be subject to dismissal on the grounds of mootness when a defendant satisfies the plaintiff's demand for relief"). "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate…and a plaintiff who refuses to acknowledge this loses outright under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake." See Greif, 258 F. Supp. 2d 157, 159-160 (citing Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991).

For instance, in Mackenzie v. Kindred Hospitals East, L.L.C., 276 F.Supp.2d 1211, 1219 (M.D.Fla. 2003), the Court stated:

> As Chief Judge Posner stated in Greiz v. Household Bank (Illinois), N.A., 176 F.3d 1012, 1015 (7th Cir. 1999), in discussing an unaccepted offer that was greater than the statutory damages (internal citations omitted):
>
> Such an offer, by the giving the plaintiff the equivalent of a default judgment (here it was actually larger by $200 than a default judgment would have been), eliminated a legal dispute upon which federal jurisdiction can be based…You cannot persist in suing after you've won.
>
> The defendant's offer of full relief therefore rendered this case moot, even though the plaintiff did not accept the offer.

MacKenzie, 276 F.Supp.2d at 1218-19.

In the instant matter, the Defendant has offered $2,001.00 to satisfy the statutory damages sought under the Fair Debt Collection Practices Act (FDCPA) and Florida's Consumer Collection Practices Act (FCCPA). Each statute imposes a maximum $1,000.00 in statutory damages, Defendant has fully provided all available relief sought by the Plaintiff in this action. [1]Therefore, as to these claims, there are no longer any claim to which federal jurisdiction would

---

[1] It is undisputed that Plaintiff only seeks statutory damages under the FDCPA and FCCPA, plus attorney's fees and costs and therefore the offer of payment of these damages resolves all claims under these statutes.

support a "live" controversy and thus as to the issues reliant upon federal court jurisdiction, those claims are now moot. See: Labora, 1998 WL 1572719 (S.D. Fla. 1998); Greif, 258 F.Supp.2d at 157; Jones v. CBE Group, Inc., 215 F.R.D. 558 (D. Minn. 2003); MacKenzie, 276 F.Supp.2d at 1218-1219.

WHEREFORE, Defendant, BAY AREA CREDIT SERVICES, INC., pursuant to Rule 12(b)(1) respectfully requests the Court to dismiss the claims under the FDCPA and FCCPA as moot and dismiss the remaining supplemental claims without prejudice. The court is requested to maintain jurisdiction only to consider the amount of reasonable attorney's fees and costs pursuant to Section 1692k and/or Section 559.77 Fla. Stat.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been electronically filed on June 5, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which Notice will be electronically mailed to DONALD A. YARBROUGH, ESQUIRE, (donyarbrough@mindspring.com), Post Office Box 11842, Fort Lauderdale, Florida 33339.

**s/ Ernest H. Kohlmyer, III**
Ernest H. Kohlmyer, III, Esquire
Florida Bar No. 0110108
Molly E. Young, Esquire
Florida Bar No. 0599891
BELL, ROPER & KOHLMYER, P.A.
2707 East Jefferson Street
Orlando, Florida 32803
(407) 897-5150
(407) 897-3332 (fax)
SKohlmyer@bellroperlaw.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CV-61101-DIMITROULEAS-ROSENBAUM

SARAH M. POLLACK

    Plaintiff,

v.

BAY AREA CREDIT SERVICE, LLC

    Defendant.
_____/

### DEFENDANT'S OFFER OF JUDGMENT

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant Bay Area Credit Service, LLC ("Defendant"), by and through its undersigned counsel, hereby offers to allow judgment to be taken against it for any allegations arising under the Fair Debt Collection Practices Act ("FDCPA") and/or Florida's Consumer Collection Practices Act ("FCCPA") only in favor of Plaintiff Sarah M. Pollack ("Plaintiff"), on the following terms:

JUDGMENT IS HEREBY ENTERED AS FOLLOWS:

1. Defendant shall pay to Plaintiff the sum total of TWO THOUSAND AND ONE DOLLARS ($2,001.00);

2. Defendant shall pay Plaintiff's reasonable costs and reasonable attorney's fees now accrued in connection with Plaintiff's claims under the FDCPA and FCCPA as to Defendant and Defendant's current and former employees; said fees and costs are to be in an amount as agreed to between counsel for the parties, or if they are unable to agree, as determined by the Court upon motion;



EXHIBIT 1

3. This judgment is a compromise of disputed claims under the FDCPA and FCCPA and is not to be deemed an admission of fault or liability on the part of Defendant or any of Defendant's current or former employees. This judgment is in total resolution of any and all claims and allegations by Plaintiff against, implicating or involving Defendant and its current and former employees, owners, and agents under the FDCPA and FCCPA;

4. This judgment does not include any claims not specifically asserted under the FDCPA and FCCPA and is not to be deemed an admission of fault or liability on the part of Defendant or any of Defendant's current or former employees for any and all claims not asserted by Plaintiff under the FDCPA and FCCPA.

5. This judgment shall act to dismiss with prejudice all claims of Plaintiff the FDCPA and FCCPA as to Defendant and Defendant's current and former employees.

## CERTIFICATE OF SERVICE

I certify that the foregoing served on May 11, 2009 via facsimile and regular U.S. Mail which will provide notice to the following: DONALD A. YARBROUGH, ESQUIRE, donyarbrough@mindspring.com, Post Office Box 11842, Fort Lauderdale, Florida 33339, Counsel for Plaintiff.

Ernest H. Kohlmyer, III, Esquire
Florida Bar No. 0110108
Molly E. Young, Esquire
Florida Bar No. 0599891
Bell, Roper & Kohlmyer, P.A.
2707 East Jefferson Street
Orlando, Florida 32803
407.897.5150
407.897.3332 (Fax)
skohlmyer@bellroperlaw.com
Attorneys for Defendant