UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 08-61101-Civ-Dimitrouleas/Snow

SARAH M. POLLOCK,

    Plaintiff,

v.

BAY AREA CREDIT SERVICE, LLC,

    Defendant.
_____/

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Plaintiff, SARAH M. POLLOCK, opposes Defendant's Motion to Dismiss for lack of Subject Matter Jurisdiction (DE 20) and, in support thereof, states as follows:

1.    Plaintiff agrees with Defendant's contention that an offer of complete relief eliminates the case and controversy requirement and the jurisdiction of the Court, however, Defendant has not offered the complete relief to which Plaintiff is entitled under the Fair Debt Collection Practices Act ("FDCPA"), and even if it did, the Court still has diversity jurisdiction over Plaintiff's claim under the Telephone Consumer Protection Act ("TCPA") because the amount in controversy on the TCPA claim exceeds $75,000 and the parties are citizens of different states. Moreover, Defendant's offer cannot be used to invoke the benefits of Rule 68 because it is ambiguous and attempts to release other unidentified parties without offering any compensation for the release of those unidentified parties.

## DEFENDANT'S OFFER DOES NOT PROVIDE COMPLETE RELIEF BECAUSE IT DOES NOT OFFER DECLARATORY OR INJUNCTIVE RELIEF

2.      Defendant's offer does not provide the complete relief to which Plaintiff is entitled because it does not provide declaratory or injunctive relief, in fact, it specifically excludes even the possibility of such relief at paragraph 3 of Defendant's offer:

> This judgment is a compromise of disputed claims under the FDCPA and the FCCPA and is not to be deemed an admission of fault or liability on the part of the Defendant or any of Defendant's current or former employees.

Defendant's Offer of Judgment, attached to Defendant's Motion (DE 20) as Exhibit 1.

3.      Plaintiff's offer encompasses only two of Plaintiff's claims: her claim under the FDCPA and her claim under the Florida Consumer Collection Practices Act ("FCCPA"). The offer is silent on Plaintiff's claim under the TCPA and Plaintiff's claim under California's Rosenthal Act. Plaintiff has withdrawn her tort claim with prejudice[1]. In Count VIII of her Complaint, (DE 1), Plaintiff seeks injunctive and declaratory relief pursuant to the FCCPA[2]. The FCCPA provides for equitable relief including injunctive relief. <u>Berg v. Merchs. Ass'n Collection Div</u>., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008). Defendant's offer does not provide for an injunction nor does it provide for declaratory relief and therefore it does not satisfy Plaintiff's claim in its entirety leaving the parties with a case and controversy and the Court with jurisdiction. Plaintiff concedes she is not entitled to injunctive and declaratory

---

[1] Plaintiff withdrew with prejudice her tort claim. See Plaintiff's Motion for Summary Judgment, (DE 26) at par. 4.

[2] Plaintiff also sought declaratory and injunctive relief pursuant the FDCPA, however, since filing the Complaint it has come to Plaintiff's attention that the 11th Circuit does not allow, as some other Circuits do, for injunctive or declaratory relief under the FDCPA, and Plaintiff withdraws the request based upon the FDCPA but continues to seek the same relief pursuant to the FCCPA.

relief under the FDCPA, and Defendant's offer presumably provides the maximum amount of damages to which she is entitled of $1,000, under the FDCPA. Defendant's offer, however, does not provide complete relief because it has a string attached. In order for Plaintiff to obtain the full measure of her damages of $1,000 under the FDCPA, Plaintiff must give up her right to recover declaratory and injunctive relief under the FCCPA. Defendant's offer is a combined offer covering both the FDCPA and the FCCPA claims. Under traditional contract law principles which govern Rule 68 offers, Plaintiff cannot accept part of the offer and reject part of it. She can only accept the offer as a whole or reject it as a whole. It is a take it or leave it proposition. If she accepts it as a whole, she then loses her right to injunctive and declaratory relief under the FCCPA. Plaintiff cannot obtain the full measure of her statutory damages due under the FDCPA by accepting Defendant's offer without sacrificing her right to declaratory and injunctive relief under the FCCPA. Consequently, Defendant's offer does not satisfy Plaintiff's claim in full, a necessary requirement for dismissal for lack of jurisdiction. In a largely identical case, United States District Judge Gold denied a nearly identical motion holding "I conclude that, because Defendant's settlement offer did not provide for injunctive relief, it did not offer Plaintiff full compensation for her claims, and therefore did not moot the case or controversy between the parties" *Judy A. Curtis v Credit*

<u>*Control Services, Inc.*</u> Case No.: 08-60558-Civ-Gold/McAliley, (S. D. Fla. January 29, 2009, DE 40).

    4.    Defendant's offer does not end the case and controversy requirement because it does not offer everything to which Plaintiff is entitled for the claims Defendant seeks the entry of judgment.

### **DEFENDANT'S OFFER CANNOT BE USED TO INVOKE THE BENEFITS OF RULE 68 BECAUSE IT IS AMBIGUOUS AND RELEASES UNIDENTIFIED PARTIES WITHOUT COMPENSATION**

    5.    Defendant's offer does not provide for damages for Defendant's current or former employees, owners and agents, who are not identified by name and are not parties to this litigation and who may have independent liability, yet Defendant's offer at paragraph 3 releases those unidentified parties from all liability:

> This judgment is in total resolution any and all claims and allegations by Plaintiff against, implicating or involving Defendant and its current and former employees, owners, and agents under the FDCPA and FCCPA.

Defendant's Offer of Judgment, attached to Defendant's Motion (DE 20) as Exhibit 1.

Plaintiff has no idea of the identity of Defendant's agents, owners and former employees and may very well have other claims against those unidentified parties for actual damages under the FDCPA that could exceed the minimum statutory damages Defendant offers, yet Plaintiff receives no compensation for those claims at all if she accepts Defendant's offer. Defendant's offer is overly

- 4 -

broad in that it releases parties not part of this litigation. It is ambiguous as it does not identify those parties by name so that Plaintiff could make a reasonable evaluation of the offer necessary to determine if those other parties are liable to Plaintiff for actual damages in excess of the minimum statutory damages contained in Defendant's offer. In order to obtain the judgment Defendant is offering, Plaintiff must give up her rights against other parties who are unknown, unnamed and are not parties to this suit when she may very well have claims against them for actual damages in excess of the minimum statutory damages Defendant offers. Plaintiff has no conclusive knowledge of the identity of Defendant's "agents" and cannot determine the existence of or the value of any claims she may have against the unidentified "agents". Plaintiff does, however, have the limited knowledge that this Defendant *did* send the alleged debt to at least one other debt collector for collection, who presumably is Defendant's "agent" and there may be others unknown to Plaintiff. There is some value attributable to the release of Defendant's other agents as Plaintiff may have actual damage claims against them in excess of the minimum statutory damages Defendant offers. Yet Defendant's offer does not provide Plaintiff any compensation for her possible actual damage claims against the unidentified agents. The value of the release of the unidentified agents for possible actual damages diminishes the value of the Defendant's offer and,

accordingly, the money offered of $2,001.00 does not meet the minimum amount of statutory damages to which Plaintiff is entitled.

Courts have held that an ambiguous offer cannot be used to invoke the benefits of Rule 68. A Rule 68 offer of judgment may have severe cost-shifting consequences whether the offeree accepts or rejects the offer and therefore, if an offer is determined to be ambiguous, courts have refused to permit costs to be shifted and have denied motions to dismiss based on lack of subject matter jurisdiction and mootness. See *Streeter v. Office of Douglas R. Burgess. LLC*. No. 1:07-CV-0097-WKW, 2008 U.S. Dist. LEXIS 13268 at *10-11 (M.D. Ala. 2008) (denying motion to dismiss FDCPA case); and *Catanzano v. Doar*. 378 F.Supp.2d 309, 316-20 (W.D.N.Y. 2005) (fee award to plaintiffs was not barred by Rule 68 offer that was "fatally ambiguous").

> Offers of judgment are interpreted according to contract law and because of their take-it-or-leave-it nature, courts are "prone to interpret the language of a *Rule 68* offer against the defendant that drafted it." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3002, at 95-96 (2d ed. 1997). The Eleventh Circuit has adopted this approach because "'the plaintiff should not be left in the position of guessing what a court will later hold the offer means.'" *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238, 1244 (11th Cir. 2002)* (quoting *Webb v. James, 147 F.3d 617, 623 (7th Cir. 1998))*.

*Streeter at 2.*

United States District Judge Cohn has evaluated this issue and found an offer ambiguous, and recognized Plaintiff's argument that Defendant's Offer failed

to provide additional momentary recovery for the release of unspecified additional claims against non-parties. See Order Denying Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (DE 21), <u>Moore v Hecker</u> (2008 U.S. Dist. LEXIS 44543), Case No.: 07-61617-Civ-Cohn/Seltzer (S.D.Fla., April 10, 2008).

Defendant's offer is ambiguous and cannot be used to invoke the benefits of Rule 68. It does not offer compensation for Plaintiff's possible actual damage claims against Defendant's unidentified agents. Accordingly, Defendant's offer does not provide the full measure of damages to which Plaintiff is entitled and does not end the case and controversy requirement or the jurisdiction of the Court.

### **DEFENDANT'S OFFER DOES NOT SATISFY PLAINTIFF'S ENTIRE CLAIM BECAUSE IT LIMITS ATTORNEY FEES AND COSTS**

6.      Defendant's offer also fails to provide the complete relief to which Plaintiff is entitled because it limits the amount of attorney fees and costs offered to those accrued up to the *date of the offer* when Plaintiff is entitled to all reasonable attorney fees and costs incurred in the litigation under the FDCPA. Under Rule 68, Plaintiff had 10 days to evaluate the offer and decide whether to either accept or reject it. Plaintiff incurred substantial attorney fees and costs between the date of Defendant's offer of May 11, 2009 and the last day to accept it of May 28, 2009[3].

---

[3] Rule 68(a) provides Plaintiff 10 days to accept or reject the offer. The offer was served by facsimile and US Mail, not hand-delivery, and accordingly under Rule 6(d), plaintiff is afforded an additional three days to serve an acceptance thereof. Under Rule 6(a)(2) the day count for periods less than 11 days excludes intermediate Saturdays and Sundays leaving the date for acceptance as May 28, 20009.

Those fees and costs include Defendant's deposition held May 16, 2009 in Atlanta, Georgia and Plaintiff's deposition held May 27, 2009 in Fort Lauderdale, Florida. The fees and cost incurred for these depositions are likely reasonable yet Defendant's offer specifically excluded Plaintiff's right to recover these fees and costs. Moreover, the offer provides that if the parties cannot agree on the amount of Plaintiff's attorney fees and costs then they will be determined by the Court upon Plaintiff's motion. It is well established that a prevailing Plaintiff under the FDCPA has the right to her attorney fees and costs incurred in litigation of her motion for fees[4], yet Defendant's offer specifically excluded any such attorney fees as the offer limits the amount of attorney fees and costs to those incurred up to the date of the offer, May 11, 2009. In a similar factual situation, United States District Judge Zloch held that a Defendant's restriction on attorney fees meant its offer did *not* satisfy Plaintiff's entire claim:

> Although Defendant's Offer Of Judgment purported to be a full and complete satisfaction of Plaintiff's claims, its sweeping scope fails to adequately compensate Plaintiff. For example, Defendant has attempted to prevent Plaintiff's Counsel from recovering fees he may reasonably incur after the date of the Offer. Rather than leave the issue of fees in the sound discretion of the Court, Defendant's Offer, if accepted, would prevent Plaintiff's Counsel from recovering fees

---

[4] See *Khalilah M. Mendez v. Allied Interstate, Inc.*, Case No.: 07-22516-Civ-King/Bandstra (S.D.Fla., April 16, 2008); *Monica I. Barreras v. Viking Collection Service, Inc*., Case No.: 05-61855-Civ- Marra/Seltzer (S.D.Fla., October 23, 2007); *Wayne E. Small v. Absolute Collection Service, Inc.,* Case No.: 04-61196-Civ-Jordan/Brown (S.D. Fla. 2006); *Lund v. Affleck*, 587 F.2d 75 (1st Cir. 1978); *Gagne v. Maher*, 594 F.2d 336 (2d Cir. 1979); *David v. City of Scranton*, 633 F.2d 676 (3d Cir. 1980); *Tyler Business Servs., Inc. v. N.L.R.B.*, 695 F.2d 73 (4th Cir. 1982); *Johnson v. State of Miss.*, 606 F.2d 635, 638 (5th Cir. 1979); *Weisenberger v. Huecker*, 593 F.2d 49 (6th Cir. 1979); *In re Burlington N., Employment Practices Litig.*, 832 F.2d 430 (7th Cir. 1987); *Jordan v. Multnomah County*, 815 F.2d 1258, 1264 (9th Cir. 1987).

incurred in filing a Motion For Attorney's Fees. Although the time required to prepare such a motion is minimal, the Court must take this expense into consideration to determine whether the Offer fully satisfied Plaintiff's claims and costs. See <u>Ins. Co. of N. Am., LLC v. Man Engines & Components, Inc.</u>, 05-60699-CIV-ZLOCH (Oct. 31, 2007) (reducing award of attorney's fees incurred in the preparation of a motion for attorney's fees from 6.9 hours to 1.0 hours). Accordingly, Defendant's Offer Of Judgment (DE 22, Ex. B) does not satisfy Plaintiff's entire claim.

<u>*Inez K. Mckenna v National Action Financial Services, Inc.*</u> Case 07-60889-Civ-Zloch/Snow (S. D. Fla, June 10, 2008, (DE 26)).

Defendant's offer fails to satisfy Plaintiff's entire claim because it limits fees and costs to the date of the offer. It does not offer the full measure of damages to which Plaintiff is entitled and it does not end the case and controversy requirement or this Court's jurisdiction.

### EVEN IF DEFENDANT'S OFFER SATISFIES PLAINTIFF'S ENTIRE CLAIM UNDER THE FDCPA, THIS COURT HAS DIVERSITY JURISDICTION FOR PLAINTIFF'S CLAIM UNDER THE TCPA

7.    Even if the Court found that Defendant's offer did provide Plaintiff complete relief regarding her claim under the FDCPA, and it should not as argued above, this Court has independent jurisdiction under diversity because the amount in controversy regarding Plaintiff's claim under the Telephone Consumer Protection Act ("TCPA") exceeds $75,000, and Plaintiff is a citizen of Florida and Defendant is a citizen of California, as alleged in paragraphs 3 and 4 of Plaintiff's Complaint, (DE 1). Although the TCPA is a federal statute it confers exclusive jurisdiction upon state courts. Plaintiff initially brought her TCPA claim under

supplemental jurisdiction for state law claims arising from the same facts as her claim under the FDCPA, however, this Court has independent jurisdiction over the TCPA claim as Plaintiff alleges Defendant made 187 calls to her cellular telephone in violation of the TCPA, as more fully briefed in Plaintiff's Motion for Summary Judgment, (DE 26) presently before the Court. Under the TCPA, Plaintiff's minimum damages for 187 violative calls is $93,500 (187 x $500) and accordingly the amount in controversy exceeds $75,000, meeting the minimum requirement for diversity jurisdiction. In a case similar to the instant one, the Eastern District of Pennsylvania held diversity jurisdiction existed:

> Diversity jurisdiction is established in an action between citizens of different states where the amount in controversy exceeds $ 75,000. 28 U.S.C. § 1332(a)(1). TCPA § 227(b)(3) entitles Plaintiff to recover at least $ 500 for each call received from Defendants, and Plaintiff alleges that more than 200 calls were received. Therefore, Plaintiff has met the statutory minimum for diversity jurisdiction notwithstanding actual and statutory damages he may recover for claims brought under FDCPA. Furthermore, complete diversity of citizenship exists because Plaintiff is a citizen of Florida and all Defendants are citizens of other states.

*Watson v. NCO Group, Inc.,* 462 F. Supp. 2d 641, 647 (E.D. Pa. 2006)

    8.    Even if this Court finds Defendant offered the complete relief to which Plaintiff is entitled under the FDCPA, and it should not, this Court has diversity jurisdiction over Plaintiff's TCPA claim.

    9.    Plaintiff respectfully requests the Court deny Defendant's Motion to Dismiss for Lack of Jurisdiction.

        Respectfully submitted,

        DONALD A. YARBROUGH, ESQ.
        Attorney for Plaintiff
        Post Office Box 11842
        Fort Lauderdale, Florida 33339
        Telephone: (954) 537-2000
        Facsimile: (954) 566-2235
        donyarbrough@mindspring.com

        <u>s/Donald A. Yarbrough</u>
        Donald A. Yarbrough, Esq.
        Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 08-61101-Civ-Dimitrouleas/Snow

SARAH M. POLLOCK,

    Plaintiff,

v.

BAY AREA CREDIT SERVICE, LLC,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on June 22, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                s/Donald A. Yarbrough
                                                Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. Ernest H. Kohlmyer, III, Esq.
Bell, Roper & Kohlmyer, P. A.
2707 East Jefferson Street
Orlando, FL 32803
Telephone: 407-897-5150
Facsimile: 407-897-3332

Via Notices of Electronic Filing generated by CM/ECF