UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.: 08-61101-Civ-Dimitrouleas/Snow

SARAH M. POLLOCK,

     Plaintiff,

v.

BAY AREA CREDIT SERVICE, INC.,

     Defendant.

_____/

## JURY INSTRUCTIONS

Members of the Jury:

     I will now explain to you the rules of law that you must follow and apply in deciding this case.

     When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

# JURY INSTRUCTION

## Consideration Of The Evidence—Duty To Follow Instructions—Corporate Party Involved

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence—that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

## **JURY INSTRUCTION**

**Credibility Of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

# JURY INSTRUCTION

## Impeachment Of Witnesses--Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## JURY INSTRUCTION

**Burden Of Proof—When There Are Multiple Claims Or When Both Plaintiff And Defendant Or Third Parties Have Burden Of Proof**

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

## JURY INSTRUCTION

**Nature of the Action and Legal Definitions**

Plaintiff Sarah M. Pollock brings this action against Defendant Bay Area Credit Service, LLC for violations of 47 U.S.C. § 227 *et seq.*, commonly known as the Telephone Consumer Protection Act, which, for convenience, I will refer to as the "TCPA."

It has already been determined that Bay Area Credit Service placed 187 calls to Ms. Pollock's cellular telephone number using an automatic dialing system. Therefore, you do not have to determine whether Bay Area Credit Service placed the calls, you will accept that as proven, rather you will determine if Ms. Pollock expressly consented to the calls and, if not, whether Bay Area Credit Service willfully or knowingly placed the calls and the amount of money, if any, Bay Area Credit Service must pay if you determine it did willfully or knowingly place the calls to Ms. Pollock's cellular telephone without her express consent.

# JURY INSTRUCTION

**Obligation to Pay the Alleged Debt Does Not Affect Liability**

Whether or not Plaintiff owes or owed the alleged debt is not a factor in this proceeding.

Therefore, you may not consider whether or not Ms. Pollock owes or owed the alleged debt.

# JURY INSTRUCTION

**Prior Express Consent and Burden of Proof**

One of the issues for you to determine is whether Ms. Pollock gave her prior express consent to the original creditor, American Medical Response, authorizing the placement of calls to her cellular telephone using an automatic dialing system. If you find that Ms. Pollock provided her cellular telephone number to American Medical Response during the transaction that resulted in the alleged debt, then you should find that Ms. Pollock gave her prior express consent to the calls placed by Bay Area Credit Service. If you find that Ms. Pollock did not give her cellular telephone number to American Medical Response during the transaction that resulted in the alleged debt, then you should find that she did not consent to the calls placed by Bay Area Credit Service. Bay Area Credit Service has the burden to prove by a preponderance of the evidence that Ms. Pollock provided her cellular telephone number to American Medical Response.

## JURY INSTRUCTION

### Willfully or Knowingly Standard under the TCPA

If you find that Ms. Pollock is entitled to recover damages under the TCPA, you must determine if the Defendant willfully or knowingly violated the TCPA. Plaintiff has the burden of proving willfulness or knowingly by the preponderance of the evidence. You are instructed that "knowingly" means that a defendant realized what he was doing and was aware of the nature of his conduct. It means that he did not act through ignorance, mistake or accident. Knowledge may be proven by the defendant's conduct and by all facts and circumstances surrounding the case. Willfully means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is, with reckless disregard either to disobey or to disregard the law.

## JURY INSTRUCTION

**Attorneys Fees And Court Costs**

If you find for the Plaintiff you must not take into account any consideration of attorneys fees or court costs in deciding the amount of Plaintiff's damages. [The matter of attorney's fees and court costs will be decided later by the Court.]

# JURY INSTRUCTION

## Duty To Deliberate—When Only The Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

# JURY INSTRUCTION

## Election Of Foreperson—Explanation Of Verdict Form

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.