UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SARAH M. POLLOCK,   CASE NO. 08-61101-CIV-DIMITROULEAS

    Plaintiff,

vs.

BAY AREA CREDIT SERVICE, LLC,

    Defendant.
_____/

**O R D E R**

      THIS CAUSE is before the Court on Plaintiff's September 1, 2009 Motion for Judgment as a Matter of Law and Motion for New Trial. [DE-71]. The Court has considered Defendant's September 11, 2009 Response [DE-72] and Plaintiff's September 25, 2009 Reply [DE-77], and having presided over this trial, finds as follows:

      Plaintiff Sarah M. Pollock filed the instant action on July 15, 2008, alleging Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55, et seq. ("FCCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), and California's Rosenthal Fair Debt Collection Practices Act, California Civil Code 1788, et seq. ("the Rosenthal Act"). Plaintiff had also alleged a state law tort claim for intrusion upon seclusion, but has since withdrawn that claim. Specifically, Plaintiff claimed violations of U.S.C. § 1692d(6) and 15 U.S.C. § 1692e(11), as well as Florida Statute § 559.72(7) and (9). She also claimed Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), 47 C.F.R. § 64.1200(b)(1), and California Civil Code 1788.17. She sought damages, declaratory relief, injunctive relief and attorneys fees. The only claim that remained at trial was the alleged violation of the TCPA.

On August 18, 2009, the jury returned a verdict for the Defendant by answering Yes to Question Number 1: Did Sarah Pollock provide her cellular telephone number to American Medical Response? [DE-68].  On August 19, 2009, this Court entered a judgment for Defendant on Count VII of the Complaint (TCPA). [DE-69].[1]  In this current motion, Plaintiff contends that no reasonable juror could have concluded that she gave her phone number to the ambulance company.  However, the jury could have chosen not to believe Ms. Pollock's testimony.  This court will not disturb that finding.  The jury was told that they could believe or disbelieve any witness, in whole or in part. [DE-63, p. 3]. It was within their province to reject Pollock's testimony. Powers v. Bayliner Marine Corp., 83 F. 3d 789, 798 (6th Cir. 1996); Kiss v. Kmart Corp., 2001 WL 568974*3 (E.D. Pa. 2001); see also, U.S. v. Brown, 53 F. 3d 312, 314 (11th Cir. 1995).  Here, the jury's verdict was not against the great weight of the evidence.  A new trial is not necessary to prevent a miscarriage of justice.

Wherefore, Plaintiff's Motion for Judgment as a Matter of Law [DE-71-1] is Denied. Plaintiff's Motion for New Trial [DE-71-2] is Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of September, 2009.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record

---

[1] The Court has now received the stipulation on the FDCPA and FCCPA claims [DE-74].